Filed 6/27/24  P. v. Ruiz CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>      v.<br><br>FREDDY RUIZ,<br><br>      Defendant and Appellant. | B330023<br><br>(Los Angeles County<br>Super. Ct. No. MA002895) |

APPEAL from an order of the Superior Court of Los Angeles County.  Lisa M. Strassner, Judge.  Reversed and remanded with directions.

Steven A. Brody, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Idan Ivri and Theresa A. Patterson, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Freddy Ruiz appeals the summary denial of a petition for resentencing under Penal Code[1] section 1172.6. (Former § 1170.95, Stats. 2022, ch. 58, § 10.)

Appellant and a codefendant were charged by felony complaint with the murder of Merl Grinder on June 2, 1991 (§ 187, subd. (a); count 1), and the second degree robbery of Joseph Gray (§ 211; count 3). As to both counts, the complaint alleged that appellant personally used a firearm (§ 12022.5). On July 1, 1991, before a preliminary hearing was conducted, appellant pleaded guilty to first degree murder and admitted the personal use of a firearm. He was sentenced to state prison for a term of 30 years to life.

Appellant filed a petition for resentencing and request for appointment of counsel under section 1172.6 on February 22, 2023.[2] Without appointing counsel or requesting briefing, the superior court summarily denied the petition on March 6, 2023. The court found appellant had been convicted of first degree

---

[1] Undesignated statutory references are to the Penal Code.

[2] This was apparently appellant's second petition for resentencing. In its order denying the second petition, the court noted that the first petition, filed March 29, 2019, had been "denied because [appellant] is not entitled to relief as a matter of law." The prior petition is not in the record in this appeal, nor is there any indication whether counsel was appointed in connection with the first petition, or when it was denied. In the absence of this information, the parties agree that principles of collateral estoppel do not apply and the prior section 1172.6 petition is not a bar to relief. (See *People v. Farfan* (2021) 71 Cal.App.5th 942, 951 [because of changes in the judicial interpretation of § 1172.6, second resentencing petition not barred as a successive petition].)

murder with personal use of a firearm as the actual killer, and had not been convicted under the doctrine of natural and probable consequences or any theory of felony murder.

Appellant contends, and respondent agrees, that the superior court erred in failing to appoint counsel and summarily denying the petition at the prima facie stage. The parties agree that the error cannot be deemed harmless because the record of conviction does not support the superior court's findings that appellant was the actual killer and therefore could not have been convicted under a theory of felony murder or the natural and probable consequences doctrine. We accept the parties' agreement: The superior court erred in concluding that appellant is ineligible for relief as a matter of law, and the matter must be remanded for the superior court to appoint counsel, issue an order to show cause, and conduct further proceedings in accordance with section 1172.6, subdivision (d).

## FACTUAL BACKGROUND

The sole account of the underlying facts in the record in this case is found in the probation report.[3] According to the

---

[3] The hearsay statements contained in the probation report cannot form the basis for denying an 1172.6 petition at the evidentiary hearing. (See § 1172.6, subd. (d)(3) ["The admission of evidence in the [evidentiary] hearing shall be governed by the Evidence Code"]; *People v. Owens* (2022) 78 Cal.App.5th 1015, 1026 ["absent some exception, hearsay contained in probation, presentence reports, appellate opinions/orders, and other documents, [is] not . . . admissible at a section [1172.6 evidentiary] hearing"].) Similarly, such inadmissible evidence cannot support denial of the petition at the prima facie stage. We therefore cite the probation report's description of the offense in

probation report, appellant and codefendant McGrath were present at a large party attended by gang members and their invited guests on June 2, 1991.  McGrath approached Gray, and pointing a .25-caliber handgun in his face, demanded money.  After Gray went to his knees begging for his life, he was severely beaten.  During the robbery, Grinder came to Gray's aid.  McGrath shot Grinder three times, and appellant shot him once.  McGrath admitted shooting Grinder, but claimed he did so in self-defense.  Appellant also admitted shooting the victim, but denied killing him.

## DISCUSSION

*A.  Applicable legal principles*

In 2018, the Legislature enacted Senate Bill No. 1437 (2017–2018 Reg. Sess.), effectively abolishing the natural and probable consequences doctrine in cases of murder and limiting the application of the felony-murder doctrine.  (Stats. 2018, ch. 1015, § 1, subd. (f); *People v. Gentile* (2020) 10 Cal.5th 830, 842–843 (*Gentile*); *People v. Martinez* (2019) 31 Cal.App.5th 719, 723 (*Martinez*).)  With one narrow exception (see § 189, subd. (f)), Senate Bill No. 1437 effectively eliminates murder convictions premised on any theory of vicarious liability—that is, any theory by which a person can be convicted of murder for a killing committed by someone else, such as felony murder or the natural and probable consequences doctrine—unless the People also prove that the nonkiller defendant personally acted with the intent to kill or was a major participant who acted with reckless disregard to human life.  (§ 189, subd. (e) [requiring that

this case only for context and to show the potential grounds for prosecution.

4

participant in specified felony during which a death occurs may be convicted of murder only if he or she was the actual killer, an aider and abettor who acted with intent to kill, or a major participant in the underlying felony who acted with reckless indifference to human life]; § 188, subd. (a)(3) [amending the natural and probable consequences doctrine to require that all principals act with express or implied malice to be convicted of murder (with the exception of felony murder under § 189, subd. (e))]; *Gentile, supra,* 10 Cal.5th at pp. 842–843.)

The legislation also enacted former section 1170.95 (now § 1172.6), which established a procedure for vacating murder convictions for defendants who could no longer be convicted of murder because of the amendments to sections 188 and 189. (Stats. 2018, ch. 1015, § 4; *People v. Lewis* (2021) 11 Cal.5th 952, 957, 959, 971 (*Lewis*)); *Gentile, supra,* 10 Cal.5th at p. 843; *Martinez, supra,* 31 Cal.App.5th at pp. 722–723.)  A defendant convicted of murder, attempted murder, or manslaughter may file a petition under section 1172.6 to have his conviction vacated and be resentenced, if he "could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective" as a part of Senate Bill No. 1437. (§ 1172.6, subd. (a)(3).)

When a petition for resentencing under section 1172.6 meets the basic requirements set forth in subdivision (b)(1) and (2), the superior court must appoint counsel for petitioner if requested (§ 1172.6, subd. (b)(3)), obtain briefing from both sides, and hold a hearing to determine whether the petitioner has made a prima facie showing for relief (*id.*, subd. (c)).  "If the petitioner makes a prima facie showing that the petitioner is entitled to

relief, the court shall issue an order to show cause." (*Ibid.*; *Lewis*, *supra*, 11 Cal.5th at p. 960.)

   B. *The record in this case does not demonstrate as a matter of law that appellant is ineligible for relief*

   Appellant contends and respondent agrees that the superior erred by failing to appoint counsel and by engaging in factfinding at the prima facie stage of the proceedings on the section 1172.6 petition in this case.  The error cannot be deemed harmless.  (*People v. Mejorado* (2022) 73 Cal.App.5th 562, 572 (*Mejorado*).)

   Appellant's petition was facially sufficient:  It alleged that a complaint, information, or indictment was filed against him that permitted the prosecution to proceed under the natural and probable consequences doctrine, a felony-murder theory, or any other theory of imputed malice based solely on appellant's participation in the underlying crime; appellant accepted a plea offer in lieu of a trial at which he could have been convicted of murder; and he could not presently be convicted of murder due to the changes to sections 188 and 189.  (§ 1172.6, subd. (a).) Appellant also requested appointment of counsel.  (*Lewis, supra,* 11 Cal.5th at pp. 959–960.)  The superior court erred in failing to appoint counsel for appellant upon the filing of a facially sufficient petition.  (*Id.* at pp. 957, 963 ["petitioners who file a complying petition requesting counsel are to receive counsel upon the filing of a compliant petition"].)

   The superior court's failure to appoint counsel at the prima facie stage of the section 1172.6 petition may be deemed harmless (*Lewis, supra,* 11 Cal.5th at p. 973), but only where the record of conviction conclusively establishes ineligibility for relief as a matter of law (*Mejorado, supra,* 73 Cal.App.5th at p. 572 [error in

6

failing to appoint counsel harmless only where record contains facts refuting allegations in petition]).  Our Supreme Court has explained that "the prima facie inquiry under [section 1172.6,] subdivision (c) is limited.  Like the analogous prima facie inquiry in habeas corpus proceedings, ' "the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved.  If so, the court must issue an order to show cause." ' " (*Lewis*, *supra*, 11 Cal.5th at p. 971.)

As *Lewis* declared, " '[A] court should not reject the petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing.' [Citations.]  'However, if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' " (*Lewis, supra*, 11 Cal.5th at p. 971.)  But the high court cautioned that the superior court "should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' [Citation.]  . . .  [T]he 'prima facie bar was intentionally and correctly set very low.' " (*Lewis, supra*, at p. 972.)

Nevertheless, the superior court may deny a petition if the record demonstrates the petitioner is ineligible for resentencing as a matter of law. (*Lewis*, *supra*, 11 Cal.5th at pp. 966, 972, fn. 6.)  In the context of a guilty plea, "a petitioner convicted of murder is ineligible for resentencing if the record establishes, as a matter of law, that (1) the complaint, information, or indictment did not allow the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine, or another theory of imputed malice;

7

(2) the petitioner was not convicted under such theory; or (3) the petitioner could presently be convicted of murder or attempted murder under the law as amended by Senate Bill No. 1437 (2017–2018 Reg. Sess.)." (*People v. Flores* (2022) 76 Cal.App.5th 974, 987 (*Flores*); see § 1172.6, subd. (a)(1)–(3).) However, "[o]nly where the record of conviction contains facts *conclusively* refuting the allegations in the petition may the court make credibility determinations adverse to the petitioner." (*Flores*, at p. 991, citing *Lewis*, *supra*, 11 Cal.5th at p. 971.)

The record in this case contains no information to support the superior court's finding that appellant was the actual killer and ineligible for relief as a matter of law. The superior court's errors in failing to appoint counsel and summarily denying the petition therefore cannot be deemed harmless.

There was no preliminary hearing. There is no documentation from the plea proceedings suggesting a factual basis or theory of liability to which appellant pleaded. Even the brief description of the crime in the probation report fails to conclusively establish that appellant was the actual killer. To the contrary, the account recited in the probation report is consistent with theories of liability under the natural and probable consequences doctrine or felony murder in the course of a robbery in which appellant was not the actual killer, had no intent to kill, did not aid and abet the murder, and was not a major participant in the robbery who acted with reckless indifference to human life.

Further, appellant's admission to personal use of a firearm does not, by itself, establish he was the actual killer or otherwise disqualify him for relief under section 1172.6 as a matter of law. (See *People v. Jones* (2003) 30 Cal.4th 1084, 1120 [a finding of

personal use of a gun "would not in itself prove defendant was the actual killer"].)  An enhancement allegation in a felony complaint or information does not establish its own truth, and certainly does not constrain the prosecution from proceeding on any theory of murder supported by the evidence.  (*People v. Eynon* (2021) 68 Cal.App.5th 967, 975–976; *People v. Rivera* (2021) 62 Cal.App.5th 217, 233–234 [allegation of special circumstance requiring intent to kill does not preclude prosecution based on natural and probable consequences doctrine].)  Indeed, even "[b]eing held to answer on an allegation does not constitute a factual finding that the allegation is true . . . [or yet] a determination that the allegation is supported by substantial evidence." (*Eynon*, at pp. 975–976.)  Here, the personal gun use enhancement could have been alleged against appellant even if the prosecution were proceeding on a theory of imputed malice wherein McGrath—not appellant—was the actual killer.

In short, nothing in the record shows that appellant acted alone or "conclusively establish[es] as a matter of law that [he] was the actual killer, acted with intent to kill or actual malice, or was a major participant in an underlying crime who acted with reckless indifference to human life." (*Flores*, *supra*, 76 Cal.App.5th at p. 991.)  The felony complaint does not preclude the possibility that appellant could have been convicted of murder under a theory of imputed malice that Senate Bill No. 1437 eliminated.  To conclude appellant is ineligible for resentencing on this record would require not just judicial factfinding, but judicial speculation, in which neither we nor the superior court may engage.  (See *Lewis*, *supra*, 11 Cal.5th at pp. 971–972.)

9

Because the record of appellant's conviction contains no facts to conclusively refute the allegations in the petition that would permit a prima facie denial of appellant's petition for resentencing under section 1172.6, we reverse and remand the matter to the superior court to issue an order to show cause and conduct further proceedings in accordance with section 1172.6, subdivision (d).  (See *Flores, supra*, 76 Cal.App.5th at pp. 971–972.)  We express no opinion on the merits of the petition.

## DISPOSITION

The superior court's order denying the petition for resentencing is reversed.  On remand, the court shall issue an order to show cause and conduct further proceedings as required under Penal Code section 1172.6, subdivision (d).

NOT TO BE PUBLISHED.

LUI, P. J.

We concur:

CHAVEZ, J.

HOFFSTADT, J.